**Waseem QAISER; et al., Petitioners,**

**v.**

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Alberto R. GONZALES,* Attorney General, Respondent.

No. 03–72962.
Agency Nos. A70–778–171, A70–778–172, A70–778–173, A70–778–174.

United States Court of Appeals, Ninth Circuit.

Submitted May 9, 2005.**

Decided May 13, 2005.

John R. Alcorn, Law Offices of John R. Alcorn, Irvine, CA, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Linda S. Wendtland, Margaret M. Newell, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before PREGERSON, CANBY, and THOMAS, Circuit Judges.

MEMORANDUM***

· Waseem Qaiser, his wife, Javaria Waseem, and their children, Hamza and Maha Qaiser, natives and citizens of Pakistan, petition for review from the decision of the Board of Immigration Appeals ("BIA") denying their motion to reopen because they failed to depart within the thirty-day voluntary departure period. Because the transitional rules apply, *Kalaw v. INS,* 133 F.3d 1147, 1150 (9th Cir.1997), we have jurisdiction pursuant to former 8 U.S.C. § 1105a(a). We review for abuse of discretion the denial of a motion to reopen, *Shaar v. INS,* 141 F.3d 953, 955 (9th Cir. 1998), and we grant the petition for review.

The BIA abused its discretion by denying petitioners' motion to reopen for failure to depart within the voluntary depar-

---

* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

ture period, where petitioners requested an extension of the voluntary departure period in their motion to reopen. *Cf. Shaar*, 141 F.3d at 957 (holding no abuse of discretion for BIA to deny petitioners' motion to reopen on the ground that they did not depart within voluntary departure period because, *inter alia*, they did not seek extension of voluntary departure period).

Furthermore, the immigration judge's ("IJ") oral notice of the consequences of failing to depart within the voluntary departure period was inadequate, because it did not specifically enumerate the forms of relief that would be lost if petitioners failed to depart. *See* 8 U.S.C. § 1252(b) (repealed); *see Ordonez v. INS*, 345 F.3d 777, 783–84 (9th Cir.2003). The IJ's inadequate oral notice was not rectified by referencing the written notice. *See id.* at 784 (rejecting government's contention that cumulative forms of written and oral notice fulfilled IJ's duty to adequately inform petitioner of the consequences of failing to depart).

**PETITION FOR REVIEW GRANTED; REMANDED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.